## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO MELGAR-CABRERA,

    Petitioner,

v.

                                  No. 19-cv-1056 WJ-KK
                                  09-cr-2962 WJ-KK

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Francisco Melgar-Cabrera's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (Motion) (CR Doc. 476). Melgar-Cabrera is incarcerated and proceeding *pro se*. He asks the Court to vacate his convictions for armed robbery and felony murder. Having reviewed the criminal record and applicable law, the Court will dismiss the Motion with prejudice.

## BACKGROUND

The procedural history in this case is complex, as the litigation has continued for 11 years. On June 13, 2009, Melgar-Cabrera and two co-conspirators robbed a Lone Star Steakhouse at gunpoint. A week later, the same three men robbed a Denny's restaurant. During the second robbery, one of the men shot and killed Stephanie Anderson, a waitress. The Government indicted Melgar-Cabrera and his co-defendants. The charges included Hobbs Act robbery (18 U.S.C. § 1951(a)) and using a gun during a crime of violence (18 U.S.C. § 924(c)). The Government also charged Melgar-Cabrera under 18 U.S.C. § 924(j) for causing the death of Ms. Anderson while using a gun to commit a crime of violence.

After the robberies, Melgar-Cabrera fled to El Salvador.   The Government requested his

extradition in 2013 for the counts listed above.   El Salvador's Supreme Court denied extradition

as to any conspiracy and/or § 924(c) counts after concluding that neither crime was listed in the

Bilateral Extradition Treaty.   Accordingly, Melgar-Cabrera was only extradited for armed robbery

and felony murder.   The Court dismissed the other charges, and the remaining counts are as

follows: (Count 1) Hobbs Act robbery under § 1951(a) in relation to the Lonestar Steakhouse;

(Count 2) Hobbs Act robbery under § 1951(a) in relation to Denny's; and (Count 3) Committing

Felony Murder While Using a Firearm During a Crime of Violence under § 924(j).   Melgar-

Cabrera uses those count numbers, and the Court will use them in this ruling, even though they

differ from the enumeration in the second superseding indictment.   *Compare* Doc. 442 and Doc.

476.

Melgar-Cabrera proceeded to trial, where a jury convicted him on all charges.   On

December 1, 2015, the Court sentenced him to life imprisonment for felony murder under § 924(j)

and twenty years for each Hobbs Act robbery count, to run concurrently.   Melgar-Cabrera filed a

direct appeal, arguing Hobbs Act robbery does not qualify as a crime of violence under § 924(c),

which is incorporated in § 924(j).   The appeal presented what is now referred to as a *Johnson*

claim.   *See Johnson v. United States*, 135 S. Ct. 2551 (2015).   *Johnson* focused on the Armed

Career Criminal Act's definition of "violent felony," which includes crimes that: (i) have an

element of force or threat of force (the "Elements Clause"); or, alternatively (ii) involve conduct

that "presents a serious potential risk of physical injury" (the "Residual Clause").   18 U.S.C. §

924(e)(2)(B)(i)-(ii).   The Supreme Court found the latter definition of violent felony – the Residual

Clause – to be unconstitutionally vague.   *Johnson,* 135 S. Ct. at 2557.   The Residual Clause

required judges to disregard whether the crime was actually violent and "imagine how the idealized

ordinary case of the crime … plays out," including whether it potentially presents some undefined degree of risk.   *Id.* at 2557-2558.

Applying *Johnson*, the Tenth Circuit concluded that Hobbs Act robbery qualifies as a "violent felony" under § 924(c)'s Elements Clause, since violent force is an element of the crime. *See United States v. Melgar-Cabrera,* 892 F.3d 1053, 1064 (10th Cir.), *cert. denied*, 139 S. Ct. 494, (2018).   The felony murder conviction was therefore affirmed, notwithstanding § 924(c)'s defective Residual Clause.   *Id.*   Melgar-Cabrera's related argument - that Hobbs Act robbery does not require violent force because the perpetrator can make the victim relinquish property based on "fear of injury" - was also rejected.   In affirming, the Tenth Circuit *sua sponte* clarified that § 924(j) establishes a discrete crime for felony murder, rather than a sentencing enhancement under § 924(c) when the firearm violation causes a death.   Melgar-Cabrera sought certiorari review with the United States Supreme Court, which denied the petition on November 13, 2018.

Melgar-Cabrera filed the instant 28 U.S.C. § 2255 Motion on November 12, 2019.   He raises two grounds for relief, which contain multiple sub-parts.   In Ground 1, he argues the Court violated his Fifth and Sixth Amendment right to due process by instructing the jury that Hobbs Act robbery is a crime of violence, rather than issuing an "instruction that would require them to unanimously decide on which …crime of violence they found him guilty of."   Doc. 476 at 8.   He also appears to argue the Government failed to prove Hobbs Act robbery is a crime of violence in light of *U.S. v. Davis*, 139 S. Ct. 2319 (2019), and therefore the Government failed to establish a necessary element of § 924(j) (felony murder resulting from use of a firearm during a crime of violence).   In Ground 2, Melgar-Cabrera argues the jury instructions constructively amended the indictment by stating Hobbs Act robbery requires the use of force, violence, or "fear," rather than using the phrase "fear of injury."   Based on this alleged discrepancy, he contends the "may have

used the [defective] residual clause" to convict him.   *See* Doc. 476 at 6-9.   The matter is ready for initial screening.

## DISCUSSION

The Motion is governed by Habeas Corpus Rule 4(b) and 28 U.S.C. § 2255.   Rule 4 requires the Court to *sua sponte* dismiss any § 2255 motion where it plainly appears from the arguments and "the record of prior proceedings that the moving party is not entitled to relief." Habeas Corpus Rule 4(b).   Section 2255 requires district courts to vacate a federal conviction or sentence if it violates "the Constitution or laws of the United States."   28 U.S.C. § 2255.   Melgar-Cabrera argues his convictions are invalid under the due process clause, the Fifth and Sixth Amendments, and *U.S. v. Davis*, 139 S. Ct. 2319 (2019).   For the reasons discussed below, the Court finds Melgar-Cabrera's habeas claims are both procedurally barred and substantively meritless.

## I.  Procedural Bar Under § 2255

"A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal."   *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).   Section 2255 precludes a habeas petitioner from raising issues he did not address in his direct appeal, unless he can show "either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."   Id.   The only exception is a habeas claim for ineffective assistance of counsel, which is exempt from the direct-appeal requirement.   *See United States v. Erickson*, 561 F.3d 1150, 1170 (10th Cir. 2009).   The exception is not applicable here, however, because the Motion does not concern performance by counsel. The Court will therefore analyze the procedural bar in this case.   *See United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing

so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and

prompt administration of justice).

Melgar-Cabrera raised two propositions of error on direct appeal.   He claimed Hobbs Act

robbery was not a crime of violence under the Elements Clause of § 924(c), as incorporated in §

924(j).   *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 (10th Cir.), *cert. denied*, 139

S. Ct. 494 (2018).   His second argument elaborated on that theory.   He alleged "that Hobbs Act

robbery can be committed by causing the victim to part with his property due to 'fear of injury' and

robbery by such means does not require as an element the use or attempted use of violent physical

force."   *Id.* at 1065.   The habeas claims here all turn on the language of the jury instructions and

indictment, which Melgar-Cabrera did not raise on direct appeal.   The habeas claims are therefore

procedurally barred.   There is nothing in the Motion or the record indicating cause and prejudice

for the procedural default, or a fundamental miscarriage of justice.   To the extent Melgar-Cabrera

would suggest that his counsel was ineffective for failing to raise instructional error on direct

appeal, such omission was not objectively unreasonable because the arguments clearly lack merit,

for the reasons below. *See Smith v. Robbins,* 528 U.S. 259, 285 (2000) ("to show ineffective

assistance of appellate counsel, a petitioner must show that … counsel unreasonably failed to

discover nonfrivolous issues and to file a merits brief raising them").   Accordingly, the Court finds

the Motion is procedurally barred.


## II.   Ground 1: Alleged Instructional Error Regarding Crime of Violence

Alternatively, even if the Court considered the merits of Melgar-Cabrera's Motion, the

arguments plainly fail.   In Ground 1, he argues the Court erred in instructing the jury that Hobbs

Act robbery is a crime of violence for purposes of § 924(j) felony murder.   Melgar-Cabrera

believes the Court should have instead issued "an instruction that would require them to unanimously decide on which … crime of violence they found him guilty of with regards to the underlying … robbery charge." *See* Doc. 476 at 8.   Said differently, he believes the jury should decide whether Hobbs Act robbery is a crime of violence under the Elements Clause, the Residual Clause, or not at all.   If the jury relied on § 924(c)'s constitutionally defective Residual Clause, rather than the Elements Clause, the felony murder conviction could then be vacated.

Whether a crime fits within § 924(c)' definition of a "crime of violence" is a question of law.   *See United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014).   *See also United States v. Munro*, 394 F.3d 865, 870 (10th Cir. 2005) (defining a crime of violence under § 924(c) is a "legal conclusion"). "The answer requires examination of the legal elements of the crime, not an exploration of the underlying facts."   *Morgan,* 748 F.3d at 1034 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)).   Accordingly, "the [C]ourt was correct in not submitting this question to the jury."   *Morgan,* 748 F.3d at 1035 (rejecting identical argument under § 924(c)).

Melgar-Cabrera also contends his § 924(j) conviction is invalid because the second superseding indictment (Doc. 69) (Indictment) does not satisfy the definition of "crime of violence."   The Indictment alleges Melgar-Cabrera "use[d] a firearm during and in relation to a crime of violence … namely, interference with commerce by robbery, as charged in … this indictment, and in using the firearm, the defendants caused the death of Stephanie Anderson." Doc. 69 at 3.   It is not clear what additional information Melgar-Cabrera believes the Indictment should contain, nor is there authority requiring a more expansive Indictment under § 924(j).

Ground 1 also comes close to rehashing the argument that Hobbs Act robbery is not a crime of violence.   Melgar-Cabrera cites *Johnson*, *Davis*, and *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) - which all invalidated a defective residual clause - and argues the Court must use the "categorial

6

approach" in deciding whether an offense qualifies as a crime of violence.   Although *Davis* had

not been issued at the time of Melgar-Cabrera's direct appeal, the Tenth Circuit's ruling is

consistent with that Supreme Court decision.   *Davis* invalidated § 924(c)'s residual clause, and the

Tenth Circuit found Melgar-Cabrera was properly convicted of felony murder under the elements

clause.   The Court will not revisit that ruling here.

Melgar-Cabrera next alleges that "to prove a violation of § 924(j), the Government must …

prove that a defendant also committed a violation of § 924(c)(3)."   *See* Doc. 476 at 8.   The Court

agrees that § 924(j) criminalizes felony murder that is committed "in the course of a violation of

[924] subsection (c)."   18 U.S.C. §§ 924(c)(1), (c)(3), and (j).   However, this proposition was

correctly set forth in the jury instructions.   Instruction No. 7 provides, in relevant part:

> The defendant is charged in Count 3 with the Felony Murder of Stephanie Anderson through
> the use of a firearm during and in relation to a crime of violence, namely … (Hobbs Act
> Robbery), as charged in Count 2, perpetrated by the defendant or his co-defendants, in
> violation of 18 U.S.C. §§ 924(j), 1111, and 2.

*See* Doc. 397 at 11.   Instruction No. 7 goes on to state:

> For you to find the defendant guilty of this crime, Committing Felony Murder While in
> Violation of 18 U.S.C. § 924(c)(1), the government must prove each of the following
> beyond a reasonable doubt:
>
> First: the defendant used a firearm;
>
> Second: the defendant did so during and in relation to a crime of violence, that is,
> [Hobbs Act robbery], as charged in Count 2.   You are instructed that [Hobbs Act
> robbery] is a crime of violence;
>
> Third: the death of the victim occurred as a consequence of, and while the defendant
> was engaged in committing or attempting to commit, or aiding and abetting the
> commission of, [Hobbs Act robbery], as charged in Count 2;
>
> Fourth: the killing took place in the District of New Mexico, County of Bernalillo,
> within the jurisdiction of the United States.

*See* Doc. 397 at 12.

7

The jury convicted Melgar-Cabrera on all counts, after multiple witnesses testified Melgar-Cabrera used a firearm in relation to the Denny's robbery and that the use of a firearm caused the death of Stephanie Anderson. *See, e.g.,* Doc. 457 at 85-89.   On this record, the Court cannot conclude the Government failed to prove Melgar-Cabrera violated § 924(c) in the course of felony murder.

Finally, to the extent Melgar-Cabrera intends to argue the Government was required to convict him of a separate charge under § 924(c) to obtain a valid conviction for § 924(j), this claim also fails.   The Tenth Circuit expressly held that § 924(c) and § 924(j) are discreet crimes, and that "[f]ortunately, the government in [Melgar-Cabrera's] case treated § 924(j) as a discrete crime … when it charged the relevant facts in the indictment as elements of a crime."   *United States v. Melgar-Cabrera*, 892 F.3d at 1060 n. 2.   Habeas relief is therefore unavailable on Ground 1.

## III.   Ground 2: Alleged Instructional Error Regarding the Word "Fear"

In Ground 2, Melgar-Cabrera argues the jury instructions - which follow the Tenth Circuit pattern for Hobbs Act robbery - constructively amended the Indictment.   He complains the instructions state that Hobbs Act robbery requires the use of force, violence, or *fear*, rather than using the phrase *fear of injury*.   "[A]n indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that a defendant was convicted of an offense other than the one charged."   *United States v. Bailey*, 972 F.3d 1179, 1181 (10th Cir. 2020) (citing *United States v. Brown*, 400 F.3d 1242, 1253 (10th Cir. 2005)).   *See also U.S. v. DeChristopher*, 695 F.3d 1082, 1095 (10th Cir. 2012) (Constructive amendments occur when the jury instructions and trial evidence together "charge a different offense from that found by the grand jury.").   "The specific inquiry is whether the jury was permitted to convict the defendant upon a set of facts distinctly different from that set forth in the indictment."   *Hunter v.*

*State of N.M.*, 916 F.2d 595, 599 (10th Cir. 1990) (quotations omitted).

The Indictment, trial evidence, and jury instructions presented the same theory: that Melgar-Cabrera robbed the restaurants by instilling fear with a gun.   The Indictment alleges Defendants robbed the employees by "means of actual and threatened force, violence, and fear of injury to their person, that is, the defendants threatened him with a firearm."   Doc. 69 at 2-3, 8.   Jury Instruction No. 3 parroted that language exactly.   *See* Doc. 397 at 4-5.   Jury Instruction Nos. 5 and 6 broke out the elements of Hobbs Act robbery, using the Tenth Circuit Pattern Instruction.   *Id.* at 7-8; *see also* Tenth Circuit Pattern Instruction 2.70.   Melgar-Cabrera complains the second element is incomplete because it states the defendant must obtain property "by wrongful use of actual or threatened force, violence or *fear*."   *Id.* at 7, 9.   However, directly under those elements, Instruction Nos. 5 and 6 go on to reiterate that robbery is accomplished "by threatening … force, violence, or *fear of injury.*"   *Id.*   Instructions No. 5 and 6 also define "fear" to include "apprehensive, concern, or anxiety about physical violence or harm…."   *Id.*   Taken together, the jury instructions make it clear that Melgar-Cabrera was accused of separating the victims from the property by threatening them with a firearm, as set forth in the Indictment.   The trial testimony is consistent with this theory.   *See, e.g.,* Doc. 457 at 85-89.   Accordingly, Melgar-Cabrera cannot demonstrate the Indictment was constructively amended.

In a similar vein, Melgar-Cabrera alleges the one-time use of the word "fear" in Instruction Nos. 5 and 6 violated his Sixth Amendment right to have a jury find him guilty on each element of Hobbs Act robbery.   To demonstrate a "jury instruction affected his substantial rights[,] … [Melgar-Cabrera] must establish a reasonable probability that, but for the error claimed, the result of the proceeding would have been different."   *United States v. Miller*, 822 Fed. App'x 777, 779 (10th Cir. 2020) (*U.S. v. Miller*, 891 F.3d 1220, 1237 (10th Cir. 2018)).   "A reasonable probability

is a probability sufficient to undermine confidence in the outcome." *United States v. Hill*, 749 F.3d 1250, 1263–64 (10th Cir. 2014).   There is no evidence in the record that the one-time use of the word fear, instead of fear of injury, could have changed the verdict in this case.   As noted above, the challenged instructions go on to clarify that the robbery must occur by "fear of injury." *See* Doc. 397 at 7, 9.   Moreover, there was no other type of fear – such as economic harm – at issue; Melgar-Cabrera held up restaurants by pointing a gun at the victims.   His Sixth Amendment claim therefore fails.

Melgar-Cabrera finally argues that based on the one-time use of the word "fear," the "jury may have used the [defective] residual clause" to convict him, thereby negating his sentence for committing murder during a crime of violence.   Doc. 1 at 9.   The record plainly controverts this allegation.   As noted above, the jury was instructed that Hobbs Act robbery is a crime of violence. *See* Doc. 397 at 12.   They were never instructed regarding § 924(c)'s defective Residual Clause and could not have relied on it to convict Melgar-Cabrera.   Habeas relief is therefore unavailable on Ground 2.

Based on the foregoing, the Court concludes Melgar-Cabrera's § 2255 Motion plainly fails. He has not shown his conviction or sentence violate federal law, in light of the criminal record and applicable law.   The Court will deny his 28 U.S.C. § 2255 Motion with prejudice.

## IV.   Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] … issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To satisfy this standard, the petitioner must show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).   For the reasons above, the Court finds reasonable jurists would not debate that Melgar-Cabrera's habeas claims are both procedurally barred and substantively meritless.   The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that Francisco Melgar-Cabrera's Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 (**CV Doc. 1; CR Doc. 476**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment shall be entered closing the civil case.

**SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE